**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3127
_____

COREY BRACEY,
                    Appellant

v.

HUNTINGDON COUNTY; JUDGE STEWART L. KURTZ;
ADAM PARK; TRAVIS S. ANDERSON;
DEPARTMENT OF CORRECTIONS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 14-cv-02271)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2017

Before: SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 27, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Corey Bracey appeals the order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint. Bracey is an inmate of the Pennsylvania Department of Corrections ("DOC"), and his lawsuit concerns events that occurred in November 2012, while he was housed at SCI-Smithfield. In brief summary, Bracey alleged that he and Corrections Officer Adam Park were involved in a physical confrontation, after which Park noticed an open wound on his hand and exposure to Bracey's blood. Days later, prison medical personnel asked Bracey to consent to HIV and hepatitis testing. Bracey refused, because prison personnel had not provided him with an articulated need for the testing. Shortly thereafter, the DOC defendants instituted a state court civil complaint requesting that Bracey be directed to submit to blood testing under the Confidentiality of HIV-Related Information Act, 35 P.S. §§ 7601-7611. A hearing was held before Judge Stewart L. Kurtz of the Huntingdon County Court of Common Pleas. According to Bracey, although there was no evidence that Park was exposed to the amount of blood needed to transmit HIV, as testified to by the DOC's own expert witness, Judge Kurtz ordered Bracey to provide a blood sample for not only HIV testing, but for hepatitis testing, as well. Judge Kurtz denied Bracey's stay motion, and Bracey was returned to the prison and was forced to submit a blood sample. His appeal to the Commonwealth Court later was deemed moot.

In November 2014, Bracey filed his civil rights complaint under 42 U.S.C. § 1983. He named as defendants the DOC, Corrections Officer Park, DOC Assistant Counsel Travis S. Anderson (collectively, the "DOC Defendants"), Huntington County, and Judge

2

Kurtz. Bracey alleged that the defendants violated his constitutional rights when they sought, authorized, or condoned the involuntary extraction of his blood for HIV and hepatitis testing. He sought declaratory relief, injunctive relief, and damages. The District Court granted Bracey's request to proceed in forma pauperis and directed service of the complaint on the defendants. The assigned Magistrate Judge then screened the complaint pursuant to 28 U.S.C. § 1915 and § 1915A and issued a report and recommendation to dismiss the complaint as to Judge Kurtz and Huntingdon County for failure to state a claim. After considering Bracey's objections to the recommended dismissal as to Judge Kurtz, the District Court adopted the Magistrate Judge's report, dismissed with prejudice the complaint against both Huntington County and Judge Kurtz, and referred the matter to the Magistrate Judge for further proceedings.

Meanwhile, pursuant to Federal Rule of Civil Procedure 12(b)(6), the DOC Defendants filed a motion to dismiss for failure to state a claim, to which Bracey filed a response. The Magistrate Judge issued a report and recommendation to grant the motion to dismiss on July 13, 2015, and Bracey filed objections. On August 6, 2015, the District Court adopted the Magistrate Judge's report and dismissed the complaint with prejudice. In its accompanying opinion, the District Court discussed the Magistrate Judge's conclusion that the claims against the DOC Defendants must be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, rejected Bracey's objections on that issue, and declined to address the alternative bases for dismissal contained in the Magistrate Judge's report.

This appeal followed.[1] We exercise de novo review over questions of subject matter jurisdiction and have an independent duty to determine the existence of subject matter jurisdiction. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). As explained below, we conclude that the District Court had subject matter jurisdiction under 28 U.S.C. § 1331; we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. See B.S. v. Somerset County, 704 F.3d 250, 260 (3d Cir. 2013).

The Rooker-Feldman doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments. See Great Western Mining & Mineral Co., 615 F.3d at 165. There are four requirements for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)) (alterations in original). The second requirement relates to the source of injury, and we have discussed

---

[1] In his notice of appeal, Bracey specified only the District Court's order "adopting the Report and Recommendation of the Magistrate, as entered July 13, 2015, recommending appellant's 42 U.S.C. § 1983 action as above captioned to be dismissed with prejudice." Bracey makes clear in his opening brief that his appeal is limited to the District Court's final order concerning Appellees Anderson, Park, and the DOC. See Appellant's Brief at 1. Thus, we find that Bracey has waived his appeal as to the District Court's July 6, 2015 order dismissing Judge Kurtz and Huntingdon County, and we need not further discuss the claims against these Appellees.

4

the distinction between injury caused by the state court judgment (<u>Rooker-Feldman</u> bars the claim) and injury caused by the defendants (claim is not barred by <u>Rooker-Feldman</u>). <u>See</u> <u>Great Western Mining & Mineral Co.</u>, 615 F.3d at 166-67.  As for the fourth requirement, we have recognized that <u>Rooker-Feldman</u> does not bar claims where the plaintiff does not merely contend that the state court judgment was incorrect or was itself in violation of the Constitution, but instead asserts that the defendants involved in the state court proceedings violated some independent right.  <u>See</u> <u>id.</u> at 172.

Upon review, we conclude that the District Court applied the <u>Rooker-Feldman</u> doctrine too broadly in dismissing Bracey's claims against Park, Anderson, and the DOC. Bracey alleged that the DOC Defendants violated his procedural and substantive due process rights, as well as state law, in their malicious abuse of civil process against him. Instead of conducting an analysis of the four requirements for applying <u>Rooker-Feldman</u>, the District Court stated that Bracey's claims were "inextricably intertwined with the merits of the state court decision," finding that "Plaintiff is asking this Court to determine that the state court erred, and that therefore, Defendants are liable for abuse of process." (District Court Aug. 6, 2015 Mem. at 3.)  However, the phrase "inexplicably intertwined" does not expand the scope of the doctrine, and rather is a label for claims that already meet the four-part test.  <u>See</u> <u>Great Western Mining & Mineral Co.</u>, 615 F.3d at 169-70. The District Court determined that Bracey's complaint against the DOC Defendants "invites review and rejection of the state court's decision," but we disagree.  <u>See</u> <u>id.</u> at 168 ("a federal plaintiff who was injured by a state-court judgment is not invariably

seeking review and rejection of that judgment"). Indeed, Bracey did not seek relief against the DOC Defendants that would amount to appellate reversal, invalidation, or modification of the state court order requiring Bracey to submit to the blood test. As Bracey asserts in his brief, it is too late for that relief because his blood sample already has been taken and tested. See Appellant's Brief at 3. Instead, Bracey pursued relief for the DOC Defendants' alleged violations of his constitutional rights in seeking to obtain that state court order. These claims for declaratory, injunctive, and damages relief are not barred by Rooker-Feldman. We conclude that the District Court erred in dismissing the complaint against the DOC Defendants on that basis.

Finally, we note that the DOC Defendants did not raise the Rooker-Feldman doctrine in their motion to dismiss, and accordingly, they make no such argument on appeal. Because the District Court relied solely on the Rooker-Feldman doctrine and expressly declined to consider the other arguments presented in the DOC Defendants' motion to dismiss, we will remand the matter for the District Court's further consideration of other grounds for dismissal discussed in the Magistrate Judge's report and recommendation in the first instance.

For the above reasons, we will vacate the District Court's order dismissing the complaint as to Park, Anderson, and the DOC, and will remand the matter for further proceedings.